IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Tyrone Atkinson, ) | C/A No. 5:19-cv-03222-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Kilolo Kijakazi, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 22, 33. Having considered the briefing, the administrative record, and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

**BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying his claim for Disability Insurance Benefits ("DIB").

Plaintiff applied for DIB on October 9, 2017, alleging disability beginning on December 17, 2016, due to post-traumatic stress disorder ("PTSD"), asthma, bronchitis, kidney stones, diabetes, arthritis, gastroesophageal reflux disease ("GERD"), glaucoma, radiopathy of the spine, and high blood pressure. (R. 89–90). Plaintiff's application was denied initially and on reconsideration. (R. 104, 125). Plaintiff requested a hearing before

1

an Administrative Law Judge ("ALJ"), which was held on September 11, 2018. (R. 28–66). The ALJ denied Plaintiff's application in an initial decision dated October 15, 2018. (R. 131–43). However, the Appeals Council vacated the hearing decision and remanded the case to the ALJ for application of the proper regulations and further consideration of Plaintiff's residual functional capacity ("RFC"). (R. 150–52).

In accordance with the Appeals Council's instruction, the ALJ held a second hearing on July 24, 2019. (R. 67–88). The ALJ issued a second decision dated August 8, 2019, again denying Plaintiff's application. (R. 11–20). The Appeals Council denied Plaintiff's request for review on October 7, 2019, making the ALJ's denial the final decision of the Commissioner. (R. 1–3).

Plaintiff filed suit in this Court on November 14, 2019. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On March 9, 2021, Magistrate Judge Kaymani D. West issued her Report recommending that the decision of the Commissioner be affirmed. ECF No. 22. On June 3, 2021, Plaintiff filed Objections to the Report. ECF No. 33. The Commissioner filed a Reply on June 15, 2021. ECF No. 36. Plaintiff's Objections and the Magistrate Judge's Report are now before the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

**DISCUSSION**

Plaintiff's sole objection relates to the ALJ's consideration of the Global Assessment of Functioning ("GAF") scores[1] set forth in his treatment records. Specifically, Plaintiff contends that remand is appropriate because the ALJ was required to consider Plaintiff's GAF scores and failed to do so. ECF No. 33.

Plaintiff's progress notes from Counselor Jane Hart Lewis of Hart Behavioral Health record GAF scores ranging from 40 to 60 between April 27, 2017, and January 30, 2018. (R. 909–22, 964–88). In his first decision dated September 11, 2018, the ALJ discussed these progress notes and Plaintiff's GAF scores as follows:

> Beginning on April 27, 2017, the claimant was treated at Hart Behavioral Health by Ms. Jane Hart Lewis, MS, LPC, LPCS, NCC, and DBTC, for PTSD symptoms. The mental status examinations showed the claimant was anxious with intense and blunted affect; normal memory; impaired concentration; and questionable insight and judgment. The claimant's global assessment functioning (GAF) scores ranged from 45 to 58, which indicated a serious to moderate impairment. The claimant was only partially compliant with treatment.

(R. 139). The ALJ then went on to discuss Plaintiff's recreational and social activities. However, the ALJ's second decision, dated August 8, 2019, makes no explicit reference either to Ms. Hart's progress notes or to Plaintiff's GAF scores. (R. 11–20).

Plaintiff concedes that under the applicable regulations, his GAF scores constitute "other medical evidence" rather than medical opinion evidence. *See* SSA, AM-13-066, "Global Assessment of Functioning (GAF) Evidence in Disability Adjudication" (effective

---

[1] "A GAF score represents a clinician's judgment of an individual's overall level of functioning." *Woodbury v. Colvin*, C/A No. 9:15-cv-2635-DCN, 213 F. Supp. 3d 773, 781 (D.S.C. 2016) (citation omitted). The Magistrate Judge's Report provides additional factual explanation about GAF scoring to which neither party has objected. *See* ECF No. 22 at 16 n.4.

4

July 22, 2013). However, he nevertheless contends that the ALJ was required to consider his GAF scores explicitly and that the failure to do so constituted reversible error.

The first question before this Court is whether, pursuant to the new Agency directive, the ALJ was required to discuss Plaintiff's GAF scores. Following the issuance of AM-13066, most courts within this circuit have found that the ALJ must consider a claimant's GAF scores but need not "explicitly reference" them. *Woodbury v. Colvin*, C/A No. 9:15-cv-2635-DCN, 213 F. Supp. 3d 773, 782 (D.S.C. 2016) (collecting cases). If it is clear that the ALJ considered the GAF scores, either "directly or indirectly," then reversal is not warranted. *Id*. Indirect consideration may often be inferred from the ALJ's consideration of the medical opinions or treatment records in which those scores were found. *See, e.g., id.* at 783 (finding the ALJ did not err in failing to explicitly address the claimant's GAF scores because the ALJ "implicitly acknowledge[d]" those scores by discussing the claimant's low functioning and treatment notes); *May v. Colvin*, 2016 WL 4917046, at *5 (W.D.N.C. Sep. 13, 2016) ("Where an ALJ fails to mention a GAF score, but thoroughly reviews the evidence related to such score, such as the medical records in which it is contained, the failure may be harmless."); *Clemins v. Astrue*, 2014 WL 4093424, at *1 (W.D. Va. Aug. 18, 2014) ("[A]n ALJ's failure to cite GAF scores is not, standing alone, sufficient grounds to reverse a disability determination, especially where the ALJ fully evaluated the records and treatment notes upon which the GAF scores were based.") (citation omitted).

The undersigned finds that the ALJ's consideration of Plaintiff's GAF scores is adequately clear from the face of his August 2019 decision. First, the ALJ made several statements that specifically referenced and/or incorporated his prior decision:

5

> We fully considered the medical opinions and prior administrative medical findings in your case. (R. 16).
>
> Not much has changed since the first decision. (R. 17).
>
> As seen above and in the prior decision, medical records documents severe spine disorder, asthma, PTSD, and glaucoma, and to a lesser extent diabetes, GERD, and hypertension. However, they also indicate that the claimant's conditions are largely stable and responsive to treatment, and that he is able to engage in a wide array of activities. (R. 18)
>
> Since the last hearing, medical records continue to provide partial support for the claimant's allegations. (R. 18).

These statements indicate the ALJ's incorporation of his prior, explicit discussion of Plaintiff's GAF scores into his second decision.

In addition, the ALJ's second decision referenced the February 14, 2018, opinion of State Agency psychological consultant Craig Horn, Ph.D., as follows:

> The opinions of State agency medical and psychological consultants are persuasive. [ . . . ] State agency psychological consultants agreed that he is able to engage in work-related activities that preclude ongoing interaction with the general public and involve reduced social interaction in the workplace. These consultants provided evidentiary support for their opinions, which are generally compatible with the evidence of record. (Exhibits 1A and 4A).

(R. 18). In his opinion, marked Exhibit 4A, Dr. Horn discussed Plaintiff's weekly counseling at Hart Behavioral and noted that Plaintiff's "GAF increased 40–60" over the course of his treatment. (R. 117). The ALJ's discussion of Dr. Horn's opinion, which relied partly on Plaintiff's GAF scores, provides further indirect evidence of the ALJ's consideration of those scores. *See, e.g., May*, 2016 WL 4917046, at *5. In short, the Court finds that although the ALJ did not explicitly reference Plaintiff's GAF scores in his

6

August 2019 decision, there is sufficient indirect evidence to indicate that he appropriately considered them.  See Woodbury, 213 F. Supp. 3d at 782.

Finally, Plaintiff argues that the ALJ did not consider the "extensive records, produced after that first decision . . . that confirm and corroborate a serious psychological condition" at the time when he discussed the GAF scores in the first decision.  ECF No. 33 at 5.  This is surely accurate as a statement of fact, but it is irrelevant to the ALJ's consideration of the GAF scores in the second decision.  There is no question that the ALJ considered and discussed subsequent medical evidence in his August 2019 decision.[2]  Because, as explained above, the ALJ also adequately considered Plaintiff's GAF scores and then reached a conclusion about Plaintiff's limitations, there is nothing to suggest that the ALJ did not appropriately weigh Plaintiff's GAF scores along with the subsequent medical evidence.  The Court therefore finds no error in the ALJ's failure to discuss the GAF scores in his August 2019 decision,[3] and the Motion for Remand is denied.[4]

---

[2] In his opening brief, Plaintiff did not allege error on the basis that the ALJ failed to discuss or to adequately consider any subsequent evidence.  See ECF No. 14 at 26–29.

[3] The Court finds in the alternative that to the extent the ALJ erred in failing to discuss Plaintiff's GAF scores, the error was harmless.  "Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases."  Sea "B" Mining Co. v. Addison, 831 F.3d 244, 253 (4th Cir. 2016); see also Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014).  As such, reversal for error requires a showing of prejudice and the Court must abide by the general principle that "if the agency's mistake did not affect the outcome, it would be senseless to vacate and remand for reconsideration."  Sea "B" Mining, 831 F.3d at 253.  For the reasons described above, the Court finds no reasonable possibility that an explicit discussion of Plaintiff's GAF scores would have altered the outcome.

[4] To the extent Plaintiff argues for the first time in his Objections that the ALJ's *prior* consideration of his GAF scores was inadequate because his decision was unsupported

7

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

August 10, 2021<br>
Spartanburg, South Carolina

---

by substantial evidence, the Court is unconvinced. See ECF No. 33 at 5 ("But anyone, disabled or not, might do each of those things."). Based on the applicable case law and regulations as discussed above, the Court finds that the ALJ adequately considered Plaintiff's GAF scores in his first decision. Moreover, any additional argument regarding substantial evidence was not properly raised at the Objection stage. See, e.g., Elliott v. Oldcastle Lawn & Garden, Inc., C/A No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017) (citations omitted).

8